IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JACK RAY WALLACE,

        Plaintiff

    VS.                            NO. 5:06-CV-268 (CDL)

CALVIN RAMSEY, *et al.*,

        Defendants      **PROCEEDINGS UNDER 42 U.S.C. §1983**
                                  **BEFORE THE U. S. MAGISTRATE JUDGE**

# RECOMMENDATION

Plaintiff JACK RAY WALLACE has brought this suit pursuant to 42 U.S.C. §1983 and alleges that the defendants have been, and are being, deliberately indifferent to his serious medical needs with respect to the condition of his left eye. His only remaining claim is for injunctive relief. *See* Tab #5.

Currently pending before the court is the defendants' MOTION FOR SUMMARY JUDGMENT. Tab #24. Their motion is supported by a brief and a Statement of Undisputed Material Facts. The defendants have entered the plaintiff's medical records into evidence. Plaintiff Wallace has responded to the defendants' motion. Tab #34.

## SUMMARY JUDGMENT STANDARD

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

---

[1] *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

# FACTS

Plaintiff Wallace — who has been incarcerated in the Georgia Department of Corrections since 1992 — has a prosthetic right eye and glaucoma in his left eye. The defendants have provided the medical records of the plaintiff which indicate that since 2004, Wallace has been seen consistently for problems with his left eye. The records show that when the medical professionals at the prison detected a problem that they did not feel they were capable of handling, they referred the plaintiff to an Opthamologist   When Wallace had an adverse reaction to the medication prescribed by the Opthamologist, the medical staff referred him back to the specialist who prescribed a different medication for him.

The medical staff has continually monitored Wallace and prescribed him different medications whenever it becomes obvious that he has had an adverse reaction to the medications that have be prescribed. Dr. E. Hale Burnside, M.D. has opined that "***in the future***, Inmate Wallace would greatly benefit from a cornea transplant," but there is no evidence before the court that it is his belief — or the belief of any other medical professional — that Wallace is currently in need of such an operation or that Wallace has been an appropriate candidate for a transplant at any time he has been in the Georgia prison system. Affidavit of Dr. E. Hale Burnside, Tab #12-4 at ¶14 (emphasis added).

Plaintiff Wallace, who advises that he was a medical doctor before his incarceration, has provided his own affidavit in which he states that he "has not received appropriate care for his serious left eye glaucoma." Affidavit of Jack Ray Wallace, Tab #34-4 at ¶9.

**DISCUSSION**

It is clearly established that making a claim for denial of medical care in violation of the Eighth Amendment requires four things: "an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000). Mere negligence or medical malpractice is insufficient to prove a constitutional violation. *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991). "Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment." *Id.*

What we have in the case at bar is simply a disagreement in the course of treatment of plaintiff Wallace. The only evidence Wallace has entered to show that his treatment regimen has been insufficient comes from his own affidavit. And while the court recognizes that Wallace used to be a physician and that he has more knowledge than the common inmate in medical matters, that fact does not translate into the need for the prison to supply him with any treatment beyond what its medical staff deems sufficient. Indeed, prison medical care does not need to be "perfect, the best obtainable, or even very good." *Harris* at 1510.

While looking at the evidence in the light most favorable to Wallace, it appears that he presents a serious medical condition, but there is simply no evidence to support the plaintiff's claim that the prison medical care he is receiving constitutes deliberate indifference. The prison medical staff has continually monitored the plaintiff's condition and adapted his treatment when they deemed it necessary. While the plaintiff might feel that his condition requires a certain operation, there is medical evidence in the record indicating that such an operation is not mandatory — at least not at this point in the plaintiff's care.

## CONCLUSION

Accordingly, for the reasons set forth above, IT IS RECOMMENDED that the defendants' MOTION FOR SUMMARY JUDGMENT (Tab #24) be **GRANTED**.[2] Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 12th day of FEBRUARY, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2]The undersigned recognizes the possibility that the plaintiff's condition could — at some point — reach a level at which a more aggressive treatment would be mandated in order to avoid constitutional ramifications.